UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § | Claim No: 1999A16317 |
| vs. | | |
| Sharon T. Irvin aka Sharon T. Taylor | | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 152 Brentwood, Inkster, Michigan 48141.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $1,894.07 |
| B. Current Capitalized Interest Balance and Accrued Interest | $1,807.81 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| E. Attorneys fees | $0.00 |
| **Total Owed** | **$3,701.88** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8.250% per annum.

### **Failure to Pay**

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

U. S. DEPARMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Sharon T. Irvin
AKA: Sharon Irvin-Taylor & Sharon Irvin
26636 Rouge River Dr.
Dearborn Heights, MI 48127

SSN

I certify that the Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 04/19/99.

On or about 12/18/80, the borrower executed promissory note(s) to secure loan(s) of 1,400.00 from First Federal Savings and Loan Association of Detroit - Detroit, MI. The loan was made by the Department under the William D. Ford Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087 a et seq. (34 CFR. Part 685). The Department demanded payment according to the terms of the note(s), and the borrower defaulted on the obligation on 05/30/97. The Department has credited $0.00 from all sources, including Treasury Department offsets, if any to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $1,894.07 |
| Interest: | $314.56 |
| Administrative/Collection Costs: | $0.00 |
| Late Fees: | $0.00 |
| Total debt as of: 04/19/99 | $2,208.63 |

Interest accrues on the principal shown here at the rate of 8.25% per annum and a daily rate of $0.43.

Pursuant to 28 U. S. C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 4-23-99

Name: Lynda M. O'Bally
Title: Loan Analyst
Branch: Litigation Branch

## MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY
## GUARANTEED STUDENT LOAN

### INTERIM NOTE

Date: December 18, 1980

On __February 1, 1985__ or on such accelerated or extended maturity date as provided for herein, for value received the undersigned promises to pay to __FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF DETROIT__ hereinafter called the Financial Institution, or order the principal sum of $ __1400.00__ together with interest thereon from the date of disbursement of this loan at the rate of __7__ % per annum. The undersigned hereinafter called the Maker, shall pay such principal and interest at the office of the Financial Institution at __1001 Woodward Ave Detroit, Michigan 48226__ or at such other place as the Holder hereof shall designate to the Maker in writing in lawful money of the United States of America.

**DISCLOSURE STATEMENT**

**Prepayment:** Maker may prepay all or part of the principal amount of the loan at any time without penalty. Interest shall cease to accrue on the amount of the prepayment as of the date of payment thereof.

**Rebate:** Because there is no precomputed unearned finance charge, there is no amount subject to rebate in the event of prepayment except if prepayment shall occur within 10 days of disbursement, in which event the full amount of the prepaid finance charge shall be rebated.

**Interest Accrual:** Interest accrual begins with disbursement of the loan proceeds. Interest will be paid to the Holder on behalf of the borrower by the Federal government if the borrower qualifies for interest subsidy payments under current Federal law and implementing regulations provided school officials have supplied adequate data covering school costs and financial assistance to meet those school costs at the time application was made for this loan.

Loan No. 3855350

(a) Amount of Loan $ 1400.00
(b) Prepaid Finance Charge $ 14.00
    (Student Loan Insurance Premium)
(c) Amount Financed (a-b) $ 1386.00
(d) ANNUAL PERCENTAGE RATE
    (1) Prior to repayment  0.24
    (2) During Installment repayment  7.00

**ACKNOWLEDGEMENT**

The undersigned hereby acknowledges having read and understood the above disclosure statement and acknowledges receipt of a copy of this Note at the time of execution of the Note.

Principal amount of the loan may be paid at the option of the Maker by executing and delivering an authorized installment Payout Note to the Financial Institution calling for the first payment no earlier than the maturity date of this note and for an interest rate on the Interim Note. Estimated Payout Note Annual Percentage Rate payable by the Maker which does not exceed the interest rate of this Interim Note.

**Insurance Premium:** The Maker agrees to pay the Financial Institution, in addition to interest and principal due, an amount equal to the premium that the Financial Institution is required to pay to the Michigan Higher Education Assistance Authority in order to obtain insurance coverage on this Note, and such Premium is due and payable immediately. Such premium is equal to one percent (1%) of the amount of loan commitment which as of the date of this note may reasonably be expected to be disbursed during the academic period for which the loan has been requested.

**Acceleration:** The Maker agrees, (1) if he or she reduces his or her course of study to less than half-time status or (2) transfers to a school not participating under terms of the Michigan Guaranteed Student Loan Program, that the maturity date of this note is accelerated. The accelerated maturity date shall be not less than nine months nor more than twelve months after the date of the occurrence of events of acceleration.

**Extension:** The Maker further agrees that if the expected completion of studies date changes during the period of this loan and a period of less than half-time enrollment status at a participating school, non-attendance at any school or enrollment at a non-participating school, does not exceed a maximum of twelve continuous months, the maturity date of this note may be extended to a date less than half-time attendance at a participating school than nine months nor more than twelve months after the date less than half-time attendance at a participating school.

**Deferment:** Once the maturity date of this note occurs, repayment is required to begin; however, repayment may be deferred a maximum of 36 months if, prior to executing a repayment note, the Maker enters the Armed Forces of the United States, Peace Corps, full-time service as a volunteer in a program under Title I of the Domestic Volunteer Service Act of 1973, or for any Maker is pursuing a full-time course of study at a participating school or is pursuing a course of study under a graduate program approved by the U.S. Commissioner of Education or at the request of the Maker, during a single period not in excess of twelve months during which the Maker is seeking and unable to find full-time employment.

**Maker:** The Maker promises to (1) use the proceeds of the loan evidenced by this note to his or her attendance at the participating school at which the Maker is accepted for enrollment or is already enrolled on the date of this note and (2) send written notice to the Financial Institution of the occurrence of any event which would cause the Holder to declare this note due.

The Maker, if more than one, shall be jointly and severally liable and the term "Maker" whenever used herein shall apply to any one or more of them. If the Maker shall default on this note by reason of death or total and permanent disability, the amount shall be paid in full to the Financial Institution by the Michigan Higher Education Assistance Authority. Should the Maker default on this note by reason of delinquency, the unpaid balance shall, at the option of the Holder, become immediately due and payable without notice on demand and if the Holder shall incur any extra costs or expenses in connection with thereof, there shall additionally come due from the Maker all reasonable expenses and attorney fees and the Holder may take action for all such sums.

The Maker acknowledges that he or she is legally obligated under Section 5, Act No. 77 of the Public Acts of 1960 for payment of the note even though he or she may be under eighteen (18) years of age. No delay on the part of the Holder of this note in exercising any of its options, powers, or rights or partial or single exercise thereof shall constitute a waiver of any of such options or rights.

The Maker acknowledges if Maker and Holder agree an installment payout note may be executed calling for repayment to begin later than the maturity date of this note and for payments which exceed the $360 yearly minimum or five year minimum term. In such agreement the nine to twelve month grace period may not be restored; however, the Maker may at any time refinance to the extent that the Maker may have a total note term of at least five years but no more than ten years for repayment.

BEST COPY AVAILABLE AT TIME OF IMAGING

CO-MAKER SIGNATURE _____

TYPED NAME _____

ADDRESS _____

CITY _____ STATE _____ ZIP _____

SOCIAL SECURITY NO. _____

MAKER SIGNATURE: *Sharon Irvin*

TYPED NAME: Sharon T. Irvin

ADDRESS: 30 Beverly

CITY: Grosse Pte. Farms   STATE: MI

SOCIAL SECURITY NO. _____

**NOTE ENDORSEMENT BY MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY**

The undersigned, as endorser, guarantees payment of 100 percent of the unpaid principal balance to the Holder in the event the Maker permits this note to become in default as defined by regulations of the Michigan Higher Education Assistance Authority. Percent of default, the Maker's obligation to the Holder is transferred to the State of Michigan.

MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

Authorized Official: *Patrick Cunn__*

IRVIN, SHARON, T
CLA                  476  11-02-93
SSN                  1

LENDER COPY

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

_M. Watline_ 4/9/99
NAME / DATE